UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JORGE GARCIA-ANGARICA,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

No.  1:26-cv-03760-DAD-CKD (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S PENDING MOTION AS MOOT

(Doc. Nos. 1, 2)

On May 17, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release. (Doc. No. 2.) On May 19, 2026, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several prior cases that this court has decided. (Doc. No. 5.) Respondents were also directed to indicate whether they opposed the court ruling on the underlying petition based on the present briefing and to provide substantive reasons in support of their opposition in that regard. (*Id*.)

On May 19, 2026, respondents filed an opposition to the motion for temporary restraining order. (Doc. No. 6.) In that opposition, respondents concede that there are no material legal

1

differences between this case and the cases identified in the court's order. (*Id.* at 1–2.) Respondents argue in pertinent part that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) (*id.* at 1–2), an argument which the undersigned has rejected on several prior occasions. *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026). Respondents failed to state any opposition to the court ruling on the merits of the underlying petition and, accordingly, the court will resolve the merits of the petition in this action.

Based upon a review of the briefing, the court finds the following facts. In 2002, petitioner entered the United States. (Doc. No. 1 at 2.) On May 14, 2026, petitioner attended an interview with immigration officials connected to a pending petition for his wife and himself to adjust their immigration status. (*Id.*) Respondents arrested petitioner at this interview. (*Id.*)

In light of the evidence that petitioner was previously released, the court incorporates and adopts the reasoning set forth in its prior order *Franco v. Meyer*, No. 1:25-cv-01620-DAD-CKD (HC), 2025 WL 3280782 (E.D. Cal. Nov. 25, 2025), in which the court concluded that the arrest of the petitioner at his adjustment of status interview likely violated the INA and ordered immediate release as the appropriate remedy. Here, similarly, petitioner was arrested at a scheduled adjustment of status interview. Accordingly, the court will grant petitioner's petition for writ of habeas corpus.

For the reasons above,

1.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a.    Respondents are ORDERED to immediately release petitioner Jorge Garcia-Angarica, A-File No. 232-075-889, from respondents' custody;

    b.    Respondents are ENJOINED AND RESTRAINED from using the adjustment of status process to re-detain petitioner, including at or near any future interview related to petitioner's application for adjustment of status;

2.    Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot by this order granting his petition on the merits;

3.     The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

4.     The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **May 21, 2026**                  _Dale A. Drozd_

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3